9/20/2021 11:49 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57402251
By: Maria Rodriguez
Filed: 9/20/2021 11:49 AM

CAUSE NO. _____

| | | |
|---|---|---|
| JOSEPH HOLDEN AND DAYROT PEDROSO | § § § § | IN THE DISTRICT COURT OF |
| V. | § § | HARRIS COUNTY, TEXAS |
| | § § § § § § | |
| BRAD VALENCIA, CENTRAL HAULING COMPANY AND ARKANSAS EQUIPMENT LEASING, INC. | § § § § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

NOW COME Plaintiffs, JOSEPH HOLDEN and DAYROT PEDROSO complaining of Defendants BRAD VALENCIA, CENTRAL HAULING COMPANY and ARKANSAS EQUIPMENT LEASING and for cause of action would respectfully show this Court the following:

**I.   FACTUAL BACKGROUND**

On September 3, 2021, Plaintiffs Joseph Holden and Dayrot Pedroso traveled eastbound on the 12700 block of east freeway in Houston, Texas in front of Defendant Brad Valencia. Defendant Valencia was driving in the course and scope of his employment for Defendant Central Hauling Company and/or Arkansas Equipment Leasing, Inc. Plaintiffs came to a stop as there was slowing traffic ahead. Defendant Brad Valencia failed to control his speed and crashed into the rear of Plaintiffs' vehicle. Both Plaintiffs required transportation to the hospital by ambulance from the scene.

The Houston Police Department issued citations to Mr. Valencia for failure to control speed and failure to establish proof of financial responsibility.

The incident caused Plaintiff to suffer significant orthopedic injuries to their bodies, including but not limited to their back and neck. Plaintiffs continue to suffer from their injuries, and



now bring this suit to recover for their damages.

II. **DISCOVERY PLAN**

Plaintiffs intend to conduct discovery under Level 2 of the Texas Rules of Civil Procedure.

III. **PARTIES**

Plaintiff Joseph Holden is an individual residing in Texas.

Plaintiff Dayrot Pedroso is an individual residing in Texas.

Defendant Brad Valencia is an individual residing in Arkansas. He can be served with process at his place of residence at 1217 Denny Drive, Alexander, Arkansas or wherever he may be found.

Defendant Central Hauling Company is a for-profit corporation doing business in Texas and headquartered in Arkansas. Defendant may be served with process via Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711 via its registered agent THOMAS W. BARTHOLOMEW, 12024 INTERSTATE 30, LITTLE ROCK, AR 72209.

Defendant Arkansas Equipment Leasing, Inc. is a for-profit corporation doing business in Texas and headquartered in Arkansas. Defendant may be served with process via Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711 via its registered agent THOMAS W. BARTHOLOMEW, 12024 Highway I-30, Mabelvale, Arkansas 72103.

**VENUE AND JURISDICTION**

Venue and jurisdiction are proper. The amount in controversy is within jurisdictional limits of this Court. Plaintiff seeks over $1,000,000 in damages. Harris County is the proper venue for this action pursuant to the Texas Civil Practice and Remedies Code, Section 15.001(a)(1), *et seq.*, because this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Defendant Central Hauling Company conducts operations here in Texas. Defendant maintains

properties and offices in Laredo, Texas for its operations. Therefore, removal to federal court is improper.

IV.     **CAUSES OF ACTION**

   A.  **NEGLIGENCE: ALL DEFENDANTS**

Plaintiffs re-allege each aforementioned allegation as if fully incorporated below.

Defendants had a duty to Plaintiffs and breached that duty. The negligence of Brad Valencia, Central Hauling Company and Arkansas Equipment Leasing, Inc. was the proximate cause of Plaintiffs' injuries.

Defendants breached the duty of reasonable care in one or more of the following ways, among others:

1. Failing to pay proper attention to the surroundings;
2. Failing to control speed;
3. Failing to keep a proper lookout;
4. Failing to observe and follow traffic laws, and to ensure driver observed and followed those laws;
5. Failing to keep the vehicle under proper control;
6. Negligently entrusting the vehicle to Brad Valencia;
7. Negligently hiring, supervising and retaining Brad Valencia;
8. Negligently controlling Brad Valencia;
9. Failing to properly supervise and control driver;
10. Failing to create or enforce safety rules;
11. Failing to create or enforce safety rules regarding the operation of vehicles; and
12. Violating various statutes and regulations, including the Texas Transportation Code.

3

Each of these acts and omissions, singularly or in combination with others, constitutes negligence, which was the proximate cause of this incident and the injuries sustained by Plaintiffs.

### B. VICARIOUS LIABILITY: ALL DEFENDANTS

Plaintiffs re-allege each aforementioned allegation as if incorporated below.

Defendants are responsible for the conduct of their agents due to the relationship that existed, among other acts and omissions of negligence which may be shown during the trial of this cause.

### C. NEGLIGENCE PER SE: ALL DEFENDANTS

Plaintiffs re-allege each aforementioned allegation as if fully incorporated below. Defendants' conduct was negligence per se because of a breach of duty imposed by statute. This breach caused Plaintiffs' injuries. Specifically, there was a breach of duties imposed by statutes and state law, including, but not limited to, the following:

1. TEX. TRANSP. CODE ANN § 545.351 An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing; and
2. TEX. TRANSP. CODE ANN. § 545.060: A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

Plaintiffs are within the class of individuals intended to be protected by these statutes. The statutes are ones for which tort liability may be imposed. The breach of the statutory duties proximately caused Plaintiff's injuries.

### D. NEGLIGENT ENTRUSTMENT: ALL DEFENDANTS

Plaintiffs re-allege each aforementioned allegation as if fully incorporated below.

Defendants negligently entrusted the vehicle to Brad Valencia, as they knew or had reason to know that Defendant Valencia should not have been operating the vehicle. This was a proximate cause of Plaintiffs' injuries.

4

Each of these acts and omissions, singularly or in combination with others, constitutes negligence which was the proximate cause of this incident and Plaintiffs' injuries.

### E. NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION OF BRAD VALENCIA

Plaintiffs incorporate the previous allegations.

Defendants are liable for the negligent hiring, supervision, training and retention of Brad Valencia. The Defendants had a duty to exercise due care to secure a competent contractor for the work. Defendants failed to exercise such care and is liable for the negligent acts of Brad Valencia. Defendants owed a duty to Plaintiffs to use ordinary care in retaining Valencia. Defendants failed to exercise ordinary care in employing Valencia. Defendants retained the services of Valencia but failed to properly screen his driving record as to whether he was properly trained to do such work. Defendants also failed to remain knowledgeable about Valencia's competence and fitness. Defendants knew or should have known the continued employment/contracting of Valencia would create an unreasonable risk of harm to others. Defendants knew or should have known that Valencia was incompetent. Plaintiffs' injuries are the result of Valencia's incompetence. Defendants' failure in this regard proximately caused Plaintiffs' injuries alleged herein.

### F. NEGLIGENT EXERCISE OF CONTROL OF BRAD VALENCIA

Plaintiffs incorporate the previous allegations.

At all times, Defendant maintained control over Defendant Valencia. Defendants owed a duty to Plaintiffs to exercise control over Mr. Valencia. Defendants breached that duty.

Defendants' negligent control over Valencia proximately caused Plaintiffs' injuries.

### G. GROSS NEGLIGENCE

Plaintiffs will further show that the acts and/or omissions of Defendants as described above, when viewed objectively from their standpoint, involve an extreme degree of risk considering the

5

probability and magnitude of the potential harm to others. Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of the others, including Plaintiffs. As such, these actions and omissions constitute gross negligence and malice as those terms are understood by law.

## V.     DAMAGES

As a direct and proximate result of the Defendants' negligent acts and/or omissions, Plaintiffs have suffered substantial damages for which they seek recovery from Defendants. Plaintiffs pray that they recover a judgment from Defendants for damages in excess of $1,000,000 and that they recover from Defendants for the following:

a.   Physical pain and suffering in the past;

b.   Physical pain and suffering in the future;

c.   Mental anguish in the past;

d.   Mental anguish in the future;

e.   Physical impairment in the past;

f.   Plaintiff will, in all reasonable probability, suffer physical impairment in the future;

g.   Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of injuries resulting from the incident complained of herein, and such charges were reasonable and were usual and customary charges for such services;

h.   Plaintiff will, in all reasonable probability, incur reasonable and necessary medical care and expenses in the future;

i.   Disfigurement in the past;

j.   Disfigurement in the future;

k.   Loss of earning capacity in the past;

l.   Plaintiff will, in all reasonable probability, incur loss of earning capacity in the future;

6

m. Loss of household services in the past;

n. Loss of household services in the future;

o. Cost of monitoring and prevention in the future;

p. Punitive damages in such amount as may be found proper and just under the facts and circumstances as determined by the jury;

q. Costs of suit;

r. Prejudgment and post-judgment interest; and

s. All other relief to which Plaintiff may be justly entitled.

Because of the egregious nature of the actions of the Defendants, Plaintiffs seek punitive damages.

## VI. REQUEST FOR JURY TRIAL

Plaintiffs respectfully demand a jury trial and tenders the appropriate fee.

## VII. PRAYER

By reason of all the above and foregoing, Plaintiffs are entitled to recover from Defendants the damages set forth in this petition, jointly and severally, within the jurisdictional limits of this Court. Plaintiffs seek damages over $1,000,000. Plaintiffs also seek pre- and post-judgment interest at the maximum legal rate, costs of court, and any other relief to which Plaintiffs may be justly entitled.

7

Respectfully submitted,

# THE BUZBEE LAW FIRM

By: */s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
Ryan S. Pigg
State Bar No. 24088227
Cornelia Brandfield-Harvey
State Bar No. 24103540
Mauricio Guevara
State Bar No. 24123065
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909
Email: tbuzbee@txattorneys.com
Email: rpigg@txattorneys.com
Email: cbrandfieldharvey@txattorneys.com
Email: mguevara@txattorneys.com
www.txattorneys.com

**ATTORNEYS FOR PLAINTIFFS**